CECILIO BURGOS, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 923.   Submitted June 7, 1934.—Decided June 13, 1934.

*F. García Veve* for appellant.   The registrar did not appear.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Alonso and Pablo Rosario Muñoz, who are doing business under the firm name of Alonso Rosario & Hermano in the town of Río Piedras, sold to the appellant, Cecilio Burgos, on April 28, 1934, a property, by public deed executed in Río Piedras before Notary Federico García Veve. This deed contains the following clause:

"The appearing parties, Alonso and Pablo Rosario Muñoz, state that for two years more or less they have been doing business under the firm name of Alonso Rosario y Hermano in this city, without

having had such firm constituted by any document or public deed; that they are the only members of such partnership, and that under that name they have done certain things and made certain contracts, among which is the purchase of the house and lot hereinafter described, a purchase which both appearing parties and partners now ratify in all its parts.''

The deed of purchase and sale was presented to the registrar of property and was recorded ''with the curable defect of not having shown that the vendors, Alonso and Pablo Rosario Muñoz, are the only partners of the firm of Alonso Rosario. & Hno.''

The appellant contends that the said deed ought to have been recorded without the curable defect mentioned above, and argues that the note of the registrar does not place in doubt the existence of the firm of Alonso Rosario & Hno., which is taken as an established fact, because the deed was recorded. This is true, and since the registration is an undisputed fact which is not before us and the only question raised is that the vendors did not show that they were the only partners of the firm of Alonso Rosario & Hno., we confine ourselves to a determination of that single question, and we think that the defect noted by the registrar is nonexistent. The Rosario Muñoz brothers state that they are the only partners forming the partnership. This very statement, made in a deed constituting the partnership, would without doubt be accepted as true by the registrar. In this case in which mention is made of a partnership constituted without any deed or document, a question which, in passing, is not before us nor could be raised by the registrar after having recorded the deed, what other proof could Messrs. Rosario present to show that they are the only partners of the so-called firm of Alonso Rosario & Hno.? We cannot conceive that they could present any better proof than their own statements in the deed. This being the only question raised by the registrar, we are of the opinion that the decision appealed from must be reversed.